IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LINDA SODEN, :

      Plaintiff, : Case No. 3:08cv320

  vs. : JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL SECURITY, :

      Defendant. :

---

DECISION AND ENTRY REJECTING REPORT AND RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE (DOC. #14) IN THEIR
ENTIRETY; PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC.
#15) SUSTAINED; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF
AND AGAINST DEFENDANT COMMISSIONER, REVERSING
COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED
AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL
SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE TO THE
DEFENDANT COMMISSIONER, UNDER SENTENCE FOUR OF 42 U.S.C.
§ 405(g), FOR FURTHER ADMINISTRATIVE PROCEEDINGS IN
ACCORDANCE WITH THIS OPINION; TERMINATION ENTRY

---

    Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. On May 1, 2009, the United States Magistrate Judge filed a Report and Recommendations (Doc. #14), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be affirmed. Based upon a thorough <u>de</u>

novo review of this Court's file, including the Administrative Transcript (filed with Defendant's Answer at Doc. #9), and a thorough review of the applicable law, this Court rejects the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence. The Plaintiff's Objections to said judicial filing (Doc. #15) are sustained. Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act is reversed, and the captioned cause is remanded to the Defendant Commissioner, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further administrative proceedings consistent with this opinion.

In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)©, this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983);

Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. Plaintiff's long-time treating physician, Dr. Charles Hanshaw, D.O., has diagnosed the Plaintiff with fibromyalgia, noting that she complained of ongoing, constant extreme fatigue and tingling and that his examination of Plaintiff revealed

joint edema and complaints of a dull ache in the neck, shoulder, arms and muscles. Dr. Hanshaw noted on July 20, 2004, that Plaintiff reported that her fibromyalgia was flaring over the past seven to eight weeks, that her upper legs ached constantly, her toes were numb and that her shoulder blades, upper back and hips were constantly aching. (Tr. 276). Dr. Hanshaw further reported, on June 28, 2005, Tr. 267, that Plaintiff's diagnoses were, *inter alia*, fibromyalgia, that she had a history of wide-spread pain that had been present for at least three months, that she exhibited pain on palpitation in at least 11 of 18 tender points, which was compatible with a diagnosis of fibromyalgia, and that she suffered from fatigue that was of sufficient severity and persistence to interfere significantly with a full-time work day.

2. Examining physician, Dr. Damion Danopulos, M.D., indicated that the <u>objective</u> findings were history of fibromyalgia with myalgias all over her muscles, as well as right shoulder and arthralgias.

Not only did Dr. Danopulos find that Plaintiff had fibromyalgia, but he indicated she was a reliable historian, thus inferring that her subjective symptoms had a basis in fact. In addition, Dr. Dianne C. Manos, M.D., the non-examining consultant retained by the Defendant Commissioner to do a residual functional analysis, found the Defendant having fibromyalgia as a secondary diagnosis. (Tr. 247, et seq). Thus, the Administrative Law Judge stands alone (other than Dr. Bonds, the psychologist, whose examination was otherwise directed) in failing to

find a diagnosis of fibromyalgia, severe or otherwise. He failed to recognize the "come and go" nature of fibromyalgia, causing good days and bad days and/or periods of exacerbation and relief. His opinion is not supported by substantial evidence.

3. Although none of the treating and/or examining physicians who treated/examined Plaintiff for her physical disabilities found that she did not have fibromyalgia, the Administrative Law Judge simply refused to accept that diagnosis, let alone finding it to be severe. Apparently, that hearing officer required <u>objective</u> findings to support a diagnosis of fibromyalgia, where existing Sixth Circuit case law, as well as the Commission's own regulations, recognize that fibromyalgia is not the type of medical condition that can be confirmed by objective testing, given that fibromyalgia patients often present no objectively alarming signs. <u>Rogers v. Commissioner of Social Security</u>, 486 F.3d 234, 243 (6th Cir. 2007), citing <u>Preston v. Secretary of Health and Human Services</u>, 854 F.2d 815, 820 (6th Cir. 1988). Apparently, the process of diagnosing fibromyalgia includes the testing of a series of focal points for tenderness (herein, Dr. Hanshaw noted tenderness on 11 of the 18 focal points for fibromyalgia) and the ruling out of other possible conditions through objective medical and clinical trials. It is difficult to rule out other possible conditions as contributing to disability, without a comparison of the symptomatology from the claimed condition to other possible conditions, an impossible task without first acknowledging the presence of the claimed condition.

Dr. Hanshaw also noted Plaintiff's complaints of ongoing extreme fatigue and tingling as well as joint edema and a dull ache in the neck, shoulder and arms, all apparently symptoms of fibromyalgia, in addition to the fact that her upper legs ached constantly, her toes were numb and that her shoulder blades, upper back and hips were constantly aching. The Administrative Law Judge simply discounted Dr. Hanshaw's opinion of disability, because said opinion was not supported by the objective medical evidence, evidence that fibromyalgia simply does not provide. The Magistrate Judge also indicated that Dr. Hanshaw provided few, if any, objective clinical findings, again, findings that fibromyalgia simply does not provide. Indeed, the Magistrate Judge twice discounted Dr. Hanshaw's diagnosis of fibromyalgia, by mentioning that he set forth his 11 out of 18 tender focal points in a question prepared in a pre-prepared form which allowed him to simply "check off" certain findings.

4. Tenderness upon palpation on 11 of 18 focal points, as well as the joint edema found by Dr. Hanshaw, constitutes objective findings, to the extent that there are any such available with a diagnosis of fibromyalgia.

5. The Defendant Commissioner indicates that the Administrative Law Judge did, indeed, consider fibromyalgia, albeit under the title of "generalized arthralgias." The problem, however, is he appeared to require objective indicia of these "generalized arthralgias" and, since there were none, other than as set forth

above, he too quickly determined that the Plaintiff's problems were, in all likelihood, obesity or otherwise related.

6. A remand for further administrative proceedings, rather than one for the payment of benefits, is required in this matter, given that, while the Administrative Law Judge's opinion of non-disability is not supported by substantial evidence, evidence of the Plaintiff's disability, within the meaning of the Social Security Act, is not clear, with contrary evidence weak or lacking. Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 176 (6th Cir. 1994).

7. On remand, the Defendant Commissioner is directed to refer the Defendant to an expert in fibromyalgia who can determine whether such diagnosis exists and, whether said diagnosis constitutes a severe impairment which, standing alone, or in combination with other severe impairments, renders her disabled within the meaning of the applicable law, during her period of eligibility. In addition, the Defendant Commissioner is to consider any and all other evidence, including a further evidentiary hearing and other medical evidence, necessary to make a disability determination.

WHEREFORE, based upon the aforesaid, this Court rejects the Report and Recommendations of the United States Magistrate Judge (Doc. #14) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was

not supported by substantial evidence. Plaintiff's Objections to said judicial filing (Doc. #15) are sustained. Judgment will be ordered entered in favor of the Plaintiff and against the Defendant Commissioner, reversing the Defendant Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, and remanding the captioned cause to the Defendant Commissioner, under Sentence Four of 42 U.S.C. § 405(g), for further administrative proceedings consistent with this opinion.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 29, 2009 /s/ Walter Herbert Rice
WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Gary M. Blumenthal, Esq.
Ronald B. Eskin, Esq.
John J. Stark, Esq.
John L. Martin, Esq.